Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>GABRIEL A. TORRES LATALLADI<br><br>Peticionario | TA2025CE00959 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso número:<br>G SC2025G0070<br><br>Sobre:<br>Art. 404(A) Ley 4 |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de enero de 2026.

Comparece ante nos el peticionario, Gabriel Torres Latalladi, mediante el recurso de epígrafe, en el que nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 20 de noviembre de 2025, notificada el día 24 del mismo mes y año. En virtud del dictamen recurrido, el foro primario declaró No Ha Lugar una *Moción en Solicitud de Supresión de Evidencia* instada por el peticionario.

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari*.

### I

El 12 de julio de 2025, el Ministerio Público presentó una acusación en contra de Gabriel Torres Latalladi (Torres Latalladi o peticionario), por violación al Artículo 404 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2404.[1] Ello, por alegada posesión de marihuana sin estar autorizado a poseerla.

---
[1] A esta ley se le conoce como *Ley de Sustancias Controladas de Puerto Rico.*

Luego de una serie de incidencias, el 17 de octubre de 2025, el peticionario presentó una *Moción Solicitando la Supresión de Evidencia*, al amparo de la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, R. 234. Por su parte, el 27 de octubre de 2025, el Ministerio Público presentó una *Oposición a Moción de Supresión de Evidencia*.

Así, el 14 de noviembre de 2025, el foro *a quo* celebró una vista evidenciaria para dilucidar la procedencia de la *Moción Solicitando la Supresión de Evidencia*. Tras aquilatar la prueba presentada, el 20 de noviembre de 2025, el foro primario emitió la *Resolución* recurrida, la cual fue notificada el día 24 del mismo mes y año. En virtud del dictamen recurrido, el foro primario declaró No Ha Lugar la *Moción Solicitando la Supresión de Evidencia*. Ello, tras razonar que el peticionario no demostró que el registro o la incautación de la evidencia fuese irrazonable, así como tampoco que la orden de registro hubiese sido obtenida de forma ilegal.

Insatisfecho, el 29 de diciembre de 2025, Torres Latalladi acudió ante este Foro mediante el recurso de epígrafe, en el que adujo que el foro primario cometió los errores siguientes:

Cometió error el TPI al denegar la solicitud de supresión de la evidencia obtenida ilegalmente, por haberse obtenido mediante una declaración jurada o testimonio con información falsa.

Cometió error el TPI al denegar la solicitud de supresión de la evidencia, a pesar de que no existen motivos fundados para ocupar la sustancia para la cual el acusado estaba autorizado a poseer.

Así, con el propósito de lograr el más justo y eficiente despacho del asunto ante nuestra consideración,[2] procedemos a disponer del recurso del epígrafe.

---

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdicciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos considerar. Véase, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008); *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y tampoco constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). El Tribunal Supremo también ha expresado que, de ordinario, el foro revisor no debe intervenir con ejercicios discrecional del foro revisado. Ello, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

Luego de evaluar el recurso de epígrafe en consideración a los criterios que emanan de nuestra Regla 40, *supra*, rechazamos ejercer nuestra jurisdicción revisora para variar el dictamen recurrido. Veamos.

Luego de examinar la *Resolución* recurrida no consideramos que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho.

Así también, de un examen de las particularidades de este caso, tampoco surge que, de alguna manera, expedir el auto discrecional solicitado evite un fracaso de la justicia.

De conformidad con lo anterior, resolvemos que, analizado el caso de autos a la luz de la totalidad de las circunstancias, no se requiere nuestra intervención en esta etapa de los procedimientos. Así, procede denegar el recurso de *certiorari* de epígrafe.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones